UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO: 5:09-CV-175-BR

| | | |
|---|---|---|
| ERIC M. MCMILLIAN, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | ORDER |
| | ) | |
| L. G. LECONEY, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on Defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff was notified by letter from the Clerk of Court dated 16 April 2010, that he had until 10 May 2010, to file any material in opposition to the motion. Plaintiff filed no material with the court, and this matter is now ripe for disposition.

Plaintiff appears to allege that, in the course of his arrest on 31 March 2008, Defendant searched his person without probable cause and used excessive and unreasonable force, all in violation of 42 U.S.C. § 1983. (Compl. 4-5). In evaluating a motion to dismiss under Rule 12(b)(6), the court must take all the factual allegations in the complaint as true, but legal conclusions and conclusory allegations need not be accepted as true if not supported by sufficient factual allegations. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A court must determine whether a complaint contains sufficient well-pleaded factual allegations to "plausibly give rise to an entitlement to relief" and, thus, enable the complaint to survive a motion to dismiss. *Id.*

Defendant argues that Plaintiff asserts a claim against Defendant only in his official capacity. Defendant correctly notes that the complaint does not expressly state in what capacity

Plaintiff is suing Defendant. When capacity is unclear from a complaint, "the court must examine the nature of the plaintiff's claims, the relief sought, and the course of the proceedings to determine whether a state official is being sued in a personal capacity." *Parks v. Lowe*, No. 1:09cv00070, 2010 LEXIS 12592, *21 (W.D. Va. Feb. 12, 2010) (quoting *Biggs v. Meadows*, 66 F.3d 56, 61 (4th Cir. 1995)) (internal quotation marks omitted). Defendant argues that because Plaintiff's complaint refers to Defendant's breach of duty, Plaintiff clearly intends to sue Defendant in his official capacity. (Mem. Supp. Def.'s Mot. Dis. 4-5). However, an allegation involving breach of official duties tends to denote that the accused went outside or beyond the scope of his official duties, hence the breach.

Defendant also argues that because Plaintiff did not seek punitive damages, the suit was intended to be against Defendant in his official capacity. (*Id.* at 5). However, Plaintiff clearly seeks money damages, (Compl. 6), and any claim for money damages – whether compensatory or punitive – tends to imply that Plaintiff intended to sue Defendant in his individual capacity, *see Parks*, 2010 LEXIS 12592 at *21. In light of the foregoing, the court cannot assume that Plaintiff intended to sue Defendant solely in Defendant's official capacity. And, if Plaintiff is suing Defendant in his individual capacity, then the factual allegations contained in the complaint, taken as true, support a plausible enough claim to survive a motion to dismiss.

On the other hand, to the extent Plaintiff sues Defendant in his official capacity, that claim does not survive a motion to dismiss. As Defendant correctly points out, a § 1983 claim against a governmental agent acting in his official capacity must allege in the complaint a policy or custom of the governmental unit – in this case the City of Raleigh – that violates the rights of those against whom the policy or custom is practiced. *See Walker v. Prince George's County,*

*Md.*, 575 F.3d 426, 431 (4th Cir. 2009) (citations omitted). Plaintiff's complaint alleges no such policy or custom.

Accordingly, Defendant's motion to dismiss is ALLOWED IN PART. To the extent Plaintiff brings a § 1983 claim against Defendant in his official capacity, the claim is DISMISSED. Plaintiff's § 1983 claim against Defendant in his individual capacity remains.

This 21 June 2010.

_____
W. Earl Britt
Senior U.S. District Judge

3