IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:09-CV-175-BR

| | |
|---|---|
| ERIC M. MCMILLIAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| OFFICER L.G. LECONEY (RALEIGH ) | |
| POLICE DEPT.), ) | |
| ) | |
| Defendant. ) | |

This case comes before the court on several motions filed by plaintiff Eric M. McMillian ("plaintiff"), who is proceeding pro se: three motions to compel (D.E. 17, 18, 22) (collectively the "discovery motions") and three motions to strike portions of defendant's answer (D.E. 19, 23, 26) (collectively the "motions to strike"). Two of the motions to strike are accompanied by copies of the answer (D.E. 19-1, 23-1) with the language to which plaintiff objects marked through. Defendant filed two memoranda in opposition. One memorandum (D.E. 20) addresses two of the discovery motions (D.E. 17, 18) and one of the motions to strike (D.E. 19). The other memorandum (D.E. 24) addresses the remaining discovery motion (D.E. 22). Defendant filed no response to two of the motions to strike (D.E. 23,[1] 26). All of the motions will be denied, although defendant will be required to serve responses to certain requests for information and documents in various motions.

---

[1] As noted below, the motion at D.E. 23 is virtually identical to the motion at D.E. 19, to which defendant did respond.

## Discovery Motions (D.E. 17, 18, 22)

The discovery motions seek, among other things: a copy of an incident report, disciplinary files, and medical records (D.E. 17 at p. 1); admissions from defendant as to certain matters (D.E. 22 at pp. 1-5); and information related to defendant's qualified immunity defense (D.E. 18 at p. 2). The court agrees with defendant that the requests for the incident report and other documents, and the requests for admissions are, in this particular instance, appropriately treated as discovery requests, rather motions to compel.[2] Therefore, if it has not already done so, defendant is ORDERED to serve responses (including any objections) to these requests, in accordance with Fed. R. Civ. P. 34 and 36, respectively, within 14 days after entry of this Order.

Although plaintiff also requests information regarding the qualified immunity defense (in D.E. 18 at p. 2), the request is unduly vague. The court therefore declines to treat this request as a discovery request and defendant shall not be required to provide information in response to it.

To the extent they are treated as motions to compel, rather than discovery requests, none of the discovery motions have merit. None are based on a discovery request previously served on defendant to which it failed to respond fully or at all. In addition, the motions lack the certification of prior consultation with defendant required by Fed. R. Civ. P. 37(a)(1) and Local Civil Rule 7.1(c), E.D.N.C. Therefore, to the extent that the discovery motions are deemed to be motions to compel, they are DENIED.

---

[2] By this ruling, the court in no way approves the filing of discovery requests except under the circumstances prescribed by Local Civil Rule 26.1(a), E.D.N.C. The filing of discovery requests in violation of this local rule could result in the requests being stricken and sanctions being imposed on the party filing them. Plaintiff is reminded that he is not exempt from this requirement and the other requirements imposed by the Federal Rules of Civil Procedure, the Local Civil Rules, and orders of this court because he is proceeding pro se.

Defendant requests the award of expenses on two of the discovery motions (D.E. 18, 22). The court finds that the circumstances presented in this particular instance would make the award of expenses unjust, and each party shall therefore bear its own expenses incurred on these motions. *See* Fed. R. Civ. P. 37(a)(5)(B).

### Motions to Strike (D.E. 19, 23, 26)

Plaintiff's motions to strike also lacks merit. Rule 12(f) of the Federal Rules of Civil Procedure provides that "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike defenses is "a drastic remedy . . . and is infrequently granted." *First Fin. Sav. Bank v. American Bankers Ins. Co.*, 783 F. Supp. 963, 966 (E.D.N.C. 1991); *see also NCUA v. First Union Capital Mkts. Corp.*, 189 F.R.D. 158, 163 (D. Md. 1999) (holding that a motion to strike defenses should not be granted where the sufficiency of defense depends on disputed issues of fact or law); *Morrisroe v. Goldsboro Milling Co.*, 884 F. Supp. 192, 194 (E.D.N.C. 1994) ("Motions to strike a defense as legally insufficient are generally disfavored and are usually denied unless there is showing of prejudice to the moving party.") (citing to prior edition of 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1381, at 421-22 (3d ed. 2004)). The burden of proof on a motion to strike lies with the moving party. *Haught v. Louis Berkman*, LLC, 377 F. Supp. 2d 543, 548 (N.D.W. Va. 2005).

The motions at D.E. 19 and D.E. 23 and the copies of the redacted answers attached to them appear to be identical except for the inclusion of the handwritten phrase "AND INTERROGATORIES" in the title to the motion at D.E. 23. The portions of the answer plaintiff seeks to have stricken by these motions are simply allegations that plaintiff disputes are true.

Disagreement with the accuracy of allegations in an opposing pleading is not, of course, a sufficient ground to have the allegations stricken. The law provides a party other means to challenge such allegations, including ultimately trial of the case. The motions to strike at D.E. 19 and 23 are accordingly DENIED. In making this ruling, the court expresses no view on the merits of any of the defenses and other contentions by defendant challenged in these motions.

These motions also request copies of "any audio footage which can prove any of the statements claimed by the defendant were indeed said by the plaintiff on the night of the incident occurring March 31, 2009." (D.E. 19 at p. 1; D.E. 23 at p. 1). The court finds that this request is appropriately treated as a request for production, pursuant to Fed. R. Civ. P. 34. Therefore, if it has not already done so, defendant is ORDERED to serve its response to this request (including any objections), in accordance with Fed. R. Civ. P. 34, within 14 days after entry of this Order.

The remaining motion to strike (D.E. 26) seeks to have stricken copies of defendant's criminal record purportedly attached to the answer. No such records are, in fact, attached to the answer. Indeed, the docket entries to which the motion cites do not exist. This motion is therefore also DENIED as meritless.

SO ORDERED, this 17 day of November 2010.

James E. Gates
United States Magistrate Judge